# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
## *Pro Se* [Non-Prisoner] Complaint Form

*[Enter the full name of the plaintiff in this action]*

   Katharine I. Butler

) Civil Action No.
)
) *(to be assigned by Clerk)*

v.

*[Enter the full name of each defendant in this action. If possible, please list only one defendant per line.]*

   City of Columbia, South Carolina

RECEIVED 2010 MAR 30 P 12: 12

*If allowed by statute, do you wish to have a trial by jury?*  Yes _____   No __X__

*[If any answer requires additional space, please use additional paper and attach hereto.]*

## I. PREVIOUS LAWSUITS

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____   No __X__

B. *If your answer to A is Yes, describe the lawsuit in the space below. [If more than one lawsuit, describe on another sheet of paper using the same outline.]*

1. Parties to this previous lawsuit:

    Plaintiff: _____

    Defendant(s): _____

2. Court: _____
    *(If federal court, name the district; if state court, name the county)*

3. Docket Number: _____

4. Name(s) of Judge(s) to whom case was assigned: _____

5. Status of Case: _____
    *(For example, was the case dismissed? Settled? Appealed? Still Pending?)*

6. Date lawsuit was filed: _____

7. Date of disposition (if concluded): _____

C. Do you have any other lawsuit(s) pending in the federal court in South Carolina?

Yes _____ No __X__

## II. PARTIES

*In Item A below, place your name and address in the space provided. [If additional plaintiffs, do the same on another sheet of paper.]*

A. Name of Plaintiff: Katharine I. Butler

   Address: 106 Southwood Drive, Columbia, South Carolina 29205

*In Item B below, place the full name of the defendant, and his/her/its address, in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: City of Columbia, South Carolina

   Address: Columbia, South Carolina

C. *Additional Defendants (provide the same information for each defendant as listed in Item B above):*

_____
_____
_____
_____
_____
_____
_____
_____

## III. STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the name(s) of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets of paper if necessary.*

This action is brought under Section 5 of the Voting Rights Act. It seeks to enjoin the Defendant City of Columbia from implementing a series of election changes in the special election for City Council District 2 scheduled for April 2, 2010. Plaintiff states that these changes are covered by Section 5 and must obtain preclearance before they are implemented. At the time of this filing, these changes have not obtained preclearance.

The injunction action must be decided by a court of three judges.

## III. STATEMENT OF CLAIM - *continued*.

Plaintiff also seeks a temporary restraining order against implementing the changes pending the decision of the three judge court on the injunction claim. The TRO is to be decided by a single judge.  28 U.S.C. §2284(b)(3).

For details, see the Complaint filed with this document.

NOTE:  Katharine I. Butler will represent herself.  Other plaintiffs, represented by their counsel and making the same claims and seeking the same relief, will move for joinder.

## IV. RELIEF.

*State briefly and exactly what you want this court to do for you.*

1. Convene a three judge court;
2. Grant a Temporary Restraining Order to prevent the City of Columbia from implementing the changes affecting voting, pending resolution of the three judge court action (district judge only);
3. Grant an injunction prohibiting the Defendant City of Columbia from implementing the changes affecting voting until said changes have obtained preclearance under Section 5 of the Voting Rights Act (three judge court).

*I declare under penalty of perjury that the foregoing is true and correct.*

Signed this 30 day of March, 2010.

_____
*Signature of Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Katharine I. Butler, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Three Judge Panel Requested) |
| City of Columbia, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Katharine I. Butler, complaining of the Defendant City of Columbia, South Carolina alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought to enforce Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c ("Section 5"). Plaintiff seeks declaratory and injunctive relief.

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1973c. In accordance with the provisions of 42 U.S.C. § 1973c and 28 U.S.C. 1343 (a)(4), the Section 5 claim must be heard and determined by a court of three judges. All events relevant to this action occurred in Richland County, South Carolina.

**PARTIES**

3. Plaintiff Butler is a citizen of the State of South Carolina, and resident of the City of Columbia. She participates in this matter *pro se*.

4. Plaintiff has standing to bring a suit to enforce Section 5 of the Voting Rights Act. 28 CFR 51.63; *Allen v. Board of Elections*, 393 U.S. 544 (1969).

1

5. City of Columbia, South Carolina ("City" or "Columbia") is a political subdivision or a municipality of the State of South Carolina and is organized pursuant to the laws of that state with the power to conduct elections for municipal office.

6. City is governed by a Council, consisting of four members elected from districts, and two members and a mayor elected at large.

7. Terms of office are staggered, with the offices of mayor and Council Districts 1 and 3 to be filled in an election scheduled for April 6, 2010.

8. City Council (Council) is by law charged with setting dates for municipal elections, and in that capacity has established conditions for a special election on April 6, 2010, which requires preclearance pursuant to the provisions of Section 5 of the Voting Rights Act.

9. City is required to comply with the provisions of Section 5 of the Voting Rights Act.

10. Notice of the April 6, 2010 election was published on December 21, 2009 and January 3, 2010. A copy of the Notice is attached hereto as **Exhibit A**.

11. Pursuant to the Notice, persons wishing to become candidates for mayor or council seats 1 and 3 were required to file notice of their candidacy between January 4 and February 4, 2010.

12. Persons wishing to vote in the April 6, 2010 election for mayor or Council districts 1 or 3 were required to be registered to vote not later than March 8, 2010.

13. Pursuant to the Notice, absentee voting for the offices of mayor and for Council Districts 1 and 3 commenced on March 8, 2010.

2

14. On March 9, 2010, a member of Council, E. W. Cromartie, II, resigned his Council District 2 seat in connection with his guilty plea entered to federal criminal charges.

15. On March 10, 2010, Council adopted a Resolution (Resolution No.: R-2010-027) adding the Council District 2 seat to the ballot for the April 6, 2010 election on grounds that South Carolina Code Section 5-7-200(b) required the vacancy to be filled at the "next regular election." A copy is attached hereto as **Exhibit B.**

16. Resolution No.: R-2010-027 provides a filing period for the District 2 seat of four and a half days from Monday March 15 to noon on Friday, March 19.

17. On March 14, 2010 City published notice of the election to fill the Council District 2 position in the April 6, 2010 election. A copy is atttached hereto as **Exhibit C.**

18. On March 10 2010, City requested expedited consideration by the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act for clearance of the special election portion of the April 6, 2010 election. A copy is attached hereto as **Exhibit D**. Additional information for the submission was provided on March 25, 2010. A copy is attached hereto as **Exhibit E**.

19. No position has been taken by the Attorney General of the United States relative to the special election as of close of business on March 29, 2010, and clearance has not been granted.

20. Litigation was commenced in state court by a citizen who contended that setting a special election on April 6, 2010 with only twenty-two days advance notice was in violation of state law. The trial court agreed and entered an injunction prohibiting the City from adding the District 2 contest to the April 6, 2010 election.

3

21. Meanwhile, pursuant to a request from City, the Attorney General of South Carolina issue a letter opinion indicating that April 6, 2010 was an appropriate date for the special election for District 2 – a conclusion he reached based on language in South Carolina Code Section 5-7-200(b) indicating that vacancies in council position must be filled at "the next regular election." A copy of the letter opinion is attached hereto as **Exhibit F**.

22. On March 24, 2010 the Supreme Court of South Carolina both heard and decided an appeal from the District Court's decision enjoining the election for the Council District 2 seat, and reversed the trial court decision. A copy is attached hereto as **Exhibit G**.

23. Selecting April 6, 2010 as the election day for the District 2 contest required a compressed election schedule which reduced the candidate filing period from thirty (30) days to four and one-half (4-1/2) days and reduced the interval between notice of the election and the election from ninety (90) days to twenty-two (22) days.

24. The Supreme Court of South Carolina did not discuss whether the term "next regular election" could include an election that was in fact underway via absentee voting when the unexpired vacancy in the office occurred.

25. Section 5 of the Voting Rights Act requires that any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from that in force or effect in the City of Columbia on November 1, 1964, may not be lawfully implemented unless the City obtains a declaratory judgment from the United States District Court for the District of Columbia that the voting change does not have the purpose and will not have the effect of denying or abridging the right to vote on

4

account of race, except that such change may be implemented without such judgment if it has been submitted to the Attorney General and the Attorney General has not interposed an objection within sixty days. 42 U.S.C. § 1973c.

26. Defendant has enacted and has administered voting changes different from those in force or effect on November 1, 1964, for which Section 5 preclearance has not been obtained.

27. Specifically, the Defendant City's Council members have implemented the following changes affecting voting within the meaning of Section 5:

- a. Notice for a special election to fill an unexpired term of council District 2 has been shortened from 90 days to 22 days.

- b. Qualifying period for candidates for a special election has been shortened from 30 days to 4 1/2 days.

- c. Upon information and belief, for the first time ever a special election contest was added to the ballot for a regular scheduled election, after absentee balloting had commenced and after absentee ballots had been cast.

- d. In order to allow District 2 voters who already have cast absentee ballots to vote for their council member, some heretofore non-existent procedure must be devised to "call them back in" to vote again, if they can be found.

- e. On information and belief, persons residing in District 2 and wishing to vote absentee before March 26, 2010, may have been asked to sign a waiver of their right to cast a ballot in the District 2 contest which was not yet on the ballot.

- f. As a consequence of the April 6, 2010 election date, a provision of state law requiring the notice of an election to inform potential voters that they may register up to 30 days before the scheduled election day could not be followed.

28. The implementation of the new voting standards, practices, or procedures described above effectuated changes affecting voting within the meaning of Section 5.

5

29.  City has submitted the special election to the United States Attorney General as required by Section 5, but as of the filing of this complaint, neither the election nor the changes enumerated in Paragraph 27 of this Complaint has obtained preclearance.

30.  Defendant's failure to obtain preclearance of the voting changes described in Paragraph 27 as required by Section 5 renders the changes legally unenforceable. 42 U.S.C. § 1973c; 28 CFR 51.4.

31.  Unless enjoined by this Court, Defendant will continue to enforce the aforementioned voting changes without obtaining the requisite preclearance in violation of Section 5 of the Voting Rights Act.

32.  Plaintiff is informed and believes this court should issue a Temporary Restraining Order pursuant to 28 U.S.C. § 2284(b)(3) and Rule 65 of the Federal Rules of Civil Procedure to prevent irreparable injury to the voting rights protected by Section 5 of the Voting Rights Act.

33.  Plaintiff is further informed and believes that this Court should issue both preliminary and permanent injunctions to restrain and enjoin Defendant from proceeding with an election to fill the Council District 2 vacancy until such time as all the changes adopted for this election have either been approved by the Attorney General of the United States or been the subject of a declaratory judgment from the United States District Court for the District of Columbia.

WHEREFORE, Plaintiff prays that this Court issue an order temporarily enjoining and restraining Defendant from proceeding with the Council District 2 election pending a hearing on Plaintiff's request for a preliminary injunction, and that this Court

issue its order enjoining and restraining Defendant from proceeding with an election for Council District 2 until the requirements of the Voting Rights Act have been met, together with such other relief as may be appropriate.

Respectfully submitted,

*(signature)*

Katharine I. Butler
106 Southwood Drive
Columbia, SC
803-765-2173
***Pro Se* Plaintiff**

Columbia, South Carolina
March 30, 2010

7